IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-06-028 |
| | § | (Civil Action No. H-07-1810) |
| JOSE ESQUIVEL-CERDA | § | |

## MEMORANDUM AND ORDER

Defendant Jose Esquivel-Cerda has filed a motion to vacate, set aside, or correct

sentence under 28 U.S.C. § 2255 ("Defendant's Motion" or "§ 2255 Motion") [Doc.

# 23] and a Brief in Support [Doc. # 24].  The United States filed a Response and

Motion for Dismissal and to Expand the Record [Doc. # 31].  The Court has carefully

reviewed all pertinent matters in this criminal case.  Based on this review, the Court's

clear recollection of the case, and the application of governing legal authorities, the

Court **grants** the United States' Motion for Dismissal, **denies** Defendant's § 2255

Motion, and **dismisses** the corresponding civil action (H-07-1810) for the reasons set

forth below.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Defendant was convicted in 1988 of burglary of a habitation and, when he was

released from custody in November 1996, he was deported from the United States.  In

February 2002, having reentered the United States without permission, Defendant was convicted in federal court in North Carolina of illegally reentering the United States after having been convicted of an aggravated felony.  When he was released from custody in April 2005, he was again deported.

In September 2005, while on supervised release from the North Carolina conviction and having again illegally reentered the United States without permission, Defendant was arrested for smuggling and harboring nineteen illegal aliens.  He was charged in the Southern District of Texas, Houston Division, with conspiracy to transport and harbor illegal aliens, and he entered a plea of guilty to that charge in November 2005.   In February 2006, Defendant also was charged with illegally reentering the United States following deportation, and he entered a plea of guilty to that charge in April 2006.

In August 2006, the Court conducted a consolidated sentencing hearing on both criminal convictions and on the revocation of supervised release from the North Carolina conviction.   The Sentencing Guidelines established a sentencing range between 77-96 months on the illegal reentry charge (the case in which Defendant has filed the instant motion) and on the conspiracy charge.[1]   The United States Probation

---

[1]     The grouping rules contained in Chapter Three, Part D, of the Sentencing Guidelines applied, so the two charges were grouped together and the combined offense level was the offense level for the more serious of the charges – in this case, the illegal reentry charge.

Office recommended a sentence of 96 months, but also suggested bases for an upward departure.  The prosecutor argued for a sentence at the top of the Guideline range.  The Court, however, sentenced Defendant to 77 months, the bottom of the range, on both the illegal reentry charge and the conspiracy to harbor charge, with the two sentences to run concurrently.  The Court also imposed a consecutive eight-month custodial term of imprisonment on the supervised release revocation in the North Carolina case.

Defendant did not file any appeal from his sentences.  In May 2007, Defendant filed a timely § 2255 Motion in this case challenging the 77 month sentence, arguing that he was denied effective assistance of counsel. Defendant's Motion has been fully briefed and is now ripe for decision.

## II.   STANDARD OF REVIEW FOR SECTION 2255 MOTIONS

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166 (1982).  When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and

prejudice." *Id.* Of course, this procedural bar does not apply to claims that could not have been raised on direct appeal, such as those for ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500 (2003) (holding that ineffective-assistance claims are properly raised on collateral review and not procedurally barred by a failure to raise them on direct appeal).

Defendant is proceeding *pro se* in this matter. *Pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972). At the same time, however, *pro se* litigants are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

## III.   DISCUSSION

### A.   Ineffective Assistance of Counsel Claim

Defendant's first claim is that he was denied effective assistance of counsel.  The Sixth Amendment guarantees criminal defendants the effective assistance of counsel. *See Yarborough v. Gentry*, 540 U.S. 1, 5 (2003).  Claims for ineffective assistance of counsel are analyzed under the well-settled standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail under the *Strickland* standard, a defendant must demonstrate both constitutionally-deficient performance by counsel and actual prejudice as a result of the alleged deficiency. *See Williams v. Taylor*, 529 U.S. 390, 390-91 (2000).  "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

Counsel's performance is constitutionally deficient if it falls below an objective standard of reasonableness. *See United States v. Molina-Uribe*, 429 F.3d 514, 518 (5th Cir. 2005), *cert. denied*, ___ U.S. ___, 126 S. Ct. 1616 (2006).  Scrutiny of counsel's performance must be "highly deferential," and a reviewing court must make every effort "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Molina-Uribe*, 429 F.3d at 518 (quoting *Strickland*,

466 U.S. at 689).  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  *Id*.  An attorney's failure to make meritless arguments does not demonstrate deficient performance and cannot form the basis for relief under § 2255.  *See United States v. Kimler*, 167 F.3d 889, 892 (5th Cir. 1999).

To prove prejudice, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *United States v. Harris*, 408 F.3d 186, 189 (5th Cir.) (quoting *Strickland*, 466 U.S. at 694), *cert. denied*, ___ U.S. ___, 126 S. Ct. 297 (2005).

Defendant has failed to demonstrate that his attorney's performance was in any way deficient.  He first argues that his attorney, an extremely competent Federal Public Defender, failed to argue for a two-level downward departure "where [Defendant] would of stipulated to an immediate order of deportation."  There was nothing in the record at the time of sentencing, and there is nothing in the current record, to show that Defendant consented to immediate deportation prior to the date of sentencing.  Additionally, it is well known that the United States Attorney's Office in the Houston

Division of the Southern District of Texas does not offer the two-level offense level reduction for immediate deportation in illegal reentry cases such as Defendant's.[2]

Defendant next argues that his attorney provided ineffective assistance because he failed "to argue that after his release from prison [Defendant] was deported since his family had moved to Texas and North Carolina he had no family in Mexico." It is unclear what Defendant is arguing, and he offers no further explanation. If Defendant is arguing that he had no family in Mexico when he was deported following his conviction in North Carolina and that was an explanation for his illegal reentry, the argument is not supported by the record. Defendant stated at the time of sentencing that he had a brother in Mexico. *See* Sentencing Transcript [Doc. # 28], p. 10. Moreover, Defendant maintained at the time of sentencing that he reentered the United States illegally to attend his son's funeral. *See id.* at 10-11. If, however, Defendant instead contends that his attorney should have argued that Defendant's deportation following his sentence in this case to a country where he has no family is a mitigating circumstance, the argument is not persuasive. It clearly would not have justified a downward departure under the facts of this case.

---

[2]     The practice of the United States Attorney in Houston in this regard differs from the United States Attorney's practices in certain other divisions in the Southern District of Texas.

Defendant also argues that he is entitled to relief under § 2255 because his counsel failed to argue that Defendant "had suffered the tragic loss in the death of his American son and [he] only returned for the purpose of burial in America."  This argument is refuted by the record.  Defendant and defense counsel both presented this contention at sentencing.[3]  *See id.* at 8-9, 10-11.

Defendant argues that he received ineffective assistance of counsel because his attorney failed to argue for a downward departure "due to the confluence of several mitigating circumstances not taken into consideration by the Sentencing Commission." Defendant has not identified any mitigating circumstances other than the death of his son and the fact that much of his family had moved to the United States by the time of his reentry.  As was stated above, these matters were brought to the Court's attention by both Defendant and his attorney.  Additionally, the record shows that defense counsel argued for a sentence below the Sentencing Guidelines range, arguing that an appropriate sentence "under the circumstances" would be 60 months.  *See id.* at 15.

---

[3]     The Court notes that Defendant stated at sentencing that he learned on June 3, 2005, that his son had been killed.  *See* Sentencing Transcript, p. 10.  Defendant also stated that he reentered the United States illegally to pay his final respects and to attend his son's funeral. *See id.* at 11.  Defendant was arrested and charged with conspiracy to harbor illegal aliens, however, in September 2005, more than three months after the death of his son.

The Court considered these factors, and others, in imposing the Guideline sentence of 77 months, the bottom of the Guideline range.[4]

Defendant's next argument is that his attorney provided ineffective assistance because he failed to argue that Defendant's "deportation may justify a sentence below the Federal Guideline range."  In the Fifth Circuit, Defendant's status as a deportable alien is not a valid basis for downward departure where a defendant has been convicted of illegal reentry following deportation. *See United States v. Garay*, 235 F.3d 230, 234 (5th Cir. 2000).  Defense counsel's performance was not deficient for failing to raise an argument previously squarely rejected by the Fifth Circuit in a published decision.

Defendant's final argument regarding his ineffective assistance of counsel claim is that his attorney failed to argue that the sentence imposed was unreasonable.  As is explained in detail below, Defendant's sentence was reasonable and, indeed, lenient. Defendant has failed to show that his defense attorney's performance was deficient in any respect.

Defendant has also failed to show that he suffered prejudice as a result of any of the alleged failures by defense counsel.  The Probation Office and the Assistant United States Attorney argued for the top of the Sentencing Guidelines range.  The Court stated clearly and repeatedly that it was "not going to go below the Guideline

---

[4]     The Court imposed concurrent sentences in the 2006 and 2005 cases.

range in this case because it is important that someone with [Defendant's] criminal history be given a severe sentence."  The Court added that "there is no way [it was] going to go below the Guideline range in this case" and that the Court was not persuaded to "go below the Guideline range here."  *See* Sentencing Transcript, pp. 18-19.  None of the arguments identified by Defendant, if raised by his attorney, would have persuaded the Court to sentence Defendant to less than 77 months.

Having failed to show either deficient performance or resulting prejudice, Defendant has failed to establish ineffective assistance of counsel and his § 2255 Motion on this basis is denied.

### B.  <u>Sentencing Claims</u>

Defendant's second claim is that he was entitled to a downward departure based on his stipulation for deportation.  A defendant cannot raise a downward departure claim for the first time in a § 2255 Motion.  *See United States v. Lutcher*, 87 F.3d 1312, *2 (5th Cir. May 17, 1996); *see also United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (holding that the District Court's application of the Sentencing Guidelines does not give rise to a claim cognizable under § 2255).

Defendant's third claim is that this Court imposed an unreasonable sentence by following the Sentencing Guidelines.  A sentence within the Sentencing Guidelines is presumptively reasonable "because it reflects both the [Sentencing] Commission's and

the sentencing court's judgment as to what is an appropriate sentence for a given offender." *Rita v. United States*, __ U.S. __, 127 S. Ct. 2456, 2465 (2007); *see also United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

In this case, the record reflected that Defendant had a lengthy criminal history and had been deported at least five times.  He was deported in 1996, following his release from imprisonment for a Texas state court conviction of burglary of a habitation.  He reentered the United States illegally and, in 2002, was convicted of an aggravated felony in federal court in North Carolina.  Upon his release in April 2005, he was deported again.  On September 10, 2005, while on supervised release from the North Carolina conviction, Defendant was found to be illegally in the United States again when he was arrested.  He was charged in 2005 with conspiracy to harbor illegal aliens, and in February 2006, with illegally reentering the United States following deportation.  He pleaded guilty to each charge.  The Sentencing Guidelines established a sentencing range between 77-96 months on the two charges.  On these new crimes, the Court sentenced Defendant to concurrent terms of 77 months, the bottom of the Guidelines range.  Based on the Court's clear recollection of this case, and review of the record in connection with Defendant's § 2255 Motion, the Court concludes without reservation that Defendant's sentence was reasonable.  His request for relief under § 2255 based on challenges to his sentence is denied.

IV.   **CERTIFICATE OF APPEALABILITY**

Defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2253.  Thus, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the defendant makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires the defendant to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the [§ 2255 Motion] should have been resolved in a different manner or that the issues presented

were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  After carefully considering the entire record of the criminal proceeding, the Court concludes that jurists of reason would conclude without debate that Esquivel-Cerda has not stated a valid claim for relief under § 2255.  Accordingly, a certificate of appealability will not issue.

## V.    CONCLUSION AND ORDER

Because Defendant has failed to establish an error of constitutional or jurisdictional magnitude, he is not entitled to relief under 28 U.S.C. § 2255.  Based on the foregoing, the Court **ORDERS** as follows:

1.    The United States' Motion for Dismissal [Doc. # 31] is **GRANTED**, Defendant's pending § 2255 motion (Doc. # 23) is **DENIED**, and the corresponding civil action (H-07-1810) is **DISMISSED** with prejudice.

2.    A certificate of appealability from this decision is **DENIED**.

The Court will issue a separate Final Order.

The Clerk will provide a copy of this Memorandum and Order to the parties and will file a copy in Civil Action No. H-07-1810.

SIGNED at Houston, Texas, this 18th day of **October, 2007**.

Nancy F. Atlas
United States District Judge